**Mary L. DILWORTH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 97–3225.**

United States Court of Appeals, Federal Circuit.

Dec. 23, 1997.

Mark A. Greidinger, Attorney, of Springfield, VA, argued for petitioner.

John P. Sholar, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Assistant Director. Of counsel were Elizabeth C. Coombe, Attorney, Department of Justice, of Washington, DC and, Murray M. Meeker, Attorney, Office of General Counsel, Office of Personnel Management, of Washington, DC.

Before LOURIE, RADER and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

Mary L. Dilworth petitions for review of the final decision of the Merit Systems Protection Board sustaining the termination of her survivor annuity in light of her remarriage before the age of fifty-five. *Dilworth v. Office of Personnel Management,* 73 M.S.P.R. 458 (M.S.P.B.1997). Because we hold that the remarriage restriction in 5 U.S.C. § 8341(b)(3) (1994) applies to the entirety of 5 U.S.C. § 8341(b), Dilworth is precluded from receiving an annuity under 5 U.S.C. § 8341(b)(1). Accordingly, the Board's decision is affirmed.

## BACKGROUND

The facts are undisputed. Dilworth is the widow of Mr. Pridgeon, who retired from federal service in 1982. Following Pridgeon's death in 1990, Dilworth received a survivor annuity pursuant to 5 U.S.C. § 8341(b)(1) (providing for an annuity for the widow or widower of a retired federal employee). On November 2, 1991, less than eight months before her fifty-fifth birthday, Dilworth remarried. Subsequently, the Office of Personnel Management (OPM), relying on 5 U.S.C. § 8341(d), terminated her survivor annuity because she had remarried before reaching the age of fifty-five. Subsection (d) states that the annuity under that subsection and "the right thereto terminate on the last day of the month before the widow or widower—(i) dies; or (ii) remarries before becoming 55 years of age."

Dilworth appealed the OPM's decision to the Board, arguing that subsection (d) did not apply to an annuity awarded pursuant to subsection (b)(1). An administrative judge (AJ) issued an initial decision sustaining the termination of Dilworth's annuity. The AJ reasoned that subsection (d) applied to all annuities under section 8341. Dilworth then petitioned the full board for review, arguing that each subsection of 5 U.S.C. § 8341 provided for a different annuity, and that limitations under one subsection were not applicable to annuities awarded under other subsections.

The OPM filed a response to Dilworth's petition, conceding that subsection (d) was inapplicable, but asserting that the AJ's error was harmless in light of the similar remarriage restriction found in subsection (b), paragraph (3). The OPM moved the Board to modify the AJ's initial decision to reflect the correct statutory provision and to sustain the termination of Dilworth's annuity. The relevant statutory provisions read as follows (with emphasis added):

§ 8341. Survivor annuities

. . . .

(b)(1) Except as provided in paragraph (2) of *this subsection*, if an employee or member dies after having retired under this subchapter and is survived by a widow or widower, the widow or widower is entitled to an annuity . . . .

. . . .

(3) A spouse acquired after retirement is entitled to a survivor annuity under *this subsection* only upon electing this annuity instead of any other survivor benefit to which he may be entitled under this subchapter or another retirement system for Government employees. The annuity of the widow or widower under *this subsection* commences on the day after the annuitant dies. This annuity and the right thereto terminate on the last day of the month before the widow or widower—

    (A) dies; or

    (B) remarries before becoming 55 years of age.

(4) Notwithstanding the preceding provisions of *this subsection*, the annuity payable under *this subsection* to the widow or widower of a retired employee or Member may not exceed [amounts not relevant to this appeal]

. . . .

(d) If an employee or Member dies after completing at least 18 months of civilian service, his widow or widower is entitled to an annuity . . . . Notwithstanding the preceding sentence, the annuity payable under *this subsection* to the widow or widower of an employee or Member may not exceed [amounts not relevant to this appeal]. The annuity of the widow or widower commences on the day after the employee or Member dies. This annuity and the right thereto terminate on the last day of the month before the widow or widower—

    (i) dies; or

    (ii) remarries before becoming 55 years of age.

Curiously, the Board did not modify the AJ's initial decision, but rather simply denied Dilworth's petition for review as not meeting the criteria of 5 C.F.R. § 1201.115 (1997) (stating in paragraph (2) of subsection (d) that the Board "may grant a petition for review when it is established that: . . . [t]he decision of the judge is based on an erroneous interpretation of statute or regulation."). Dilworth now petitions for review by this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

When reviewing a Board decision, we may reverse only if the decision was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed.Cir. 1986).

■ Dilworth first argues, and the OPM concedes, that the Board erred by applying provisions found in subsection (d) to the annuity granted under subsection (b). We agree with both parties that the Board erred in relying on subsection (d). An inspection of section 8341 reveals that subsections (b) and (d) provide for annuities in different situations. Specifically, subsection (b) provides for an annuity for the surviving spouse of a retired federal employee, and subsection (d) provides for an annuity for the surviving spouse of a federal employee who dies before retirement. Dilworth is the widow of a deceased retiree rather than the widow of a deceased employee. Thus, the Board erroneously applied the remarriage provision in subsection (d) to Dilworth's annuity, which was awarded under subsection (b). This error is harmless, however, because subsection (b) contains a similar remarriage provision. As with subsection (d), paragraph (3) of subsection (b) contains a remarriage provision that states that "[t]his annuity" terminates if the annuitant remarries before age fifty-five.

■ Dilworth further argues that the remarriage restriction in (b)(3) does not apply to an annuity granted under (b)(1). She contends that subsection (b) relates to two annuities: (b)(1) provides for an annuity for spouses acquired before retirement and

(b)(3) provides for an annuity for spouses acquired after retirement. Thus, Dilworth argues, the remarriage provision under (b)(3) should be construed as applying only to the "(b)(3) annuity" and not to the "(b)(1) annuity." We disagree. The statute provides for a single annuity under subsection (b).

Within subsection (b), paragraph (1) provides for an annuity for a widow or widower of a retiree. Paragraph (3) clarifies that the surviving spouse of a retiree may be eligible for the subsection (b) annuity even though the spouse was acquired after retirement. Paragraph (3) also provides that "[t]his annuity" terminates if the annuitant remarries. The language "[t]his annuity" refers to "[t]he annuity ... under this subsection," which in turn refers to the annuity provided by paragraph (1). Thus, the reference to "[t]his annuity" in paragraph (3) refers to the single annuity provided under subsection (b). Paragraph (4) further supports this interpretation of the statute by placing further restrictions on "the annuity payable under this subsection."

Although, as Dilworth points out, the placement of the remarriage restriction in paragraph (3) superficially lends support to a contrary interpretation, the language of the statute must control. The reference in paragraph (3) to the "annuity under *this subsection*" unambiguously refers to the annuity provided in paragraph (1) and as modified by paragraphs (2) through (4) of subsection (b).

Dilworth also argues that 5 U.S.C. § 8341(b)(3) is properly considered a "subsection" and thus asserts that the phrase, "under this subsection," refers only to an annuity under section 8341(b)(3). This argument is without merit. The provision in question is in *paragraph* (3) of subsection (b) of section 8341. This is made abundantly clear by the first words in subsection (b) itself: "Except as provided in *paragraph* (2) of this subsection." (emphasis added) It would be a gymnastic feat of statutory construction to read paragraphs (1), (2), and (4) as being within subsection (b), but to interpret paragraph (3) as an independent subsection providing for a distinct annuity.

Finally, Dilworth cites the Board's decision in *Teigeler v. OPM*, 40 M.S.P.R. 325 (1989),

*aff'd, Newman v. Teigeler*, 898 F.2d 1574 (Fed.Cir.1990), in support of her argument. In that case, the Board ordered the OPM to award an annuity to the surviving former spouse of a retired federal employee. That annuity, a *former* spouse annuity, was provided pursuant to a statutory subsection other than subsection (b); subsection (b) was accordingly inapplicable to Teigeler. In the course of its analysis, however, the Board reasoned that 5 U.S.C. § 8341(b)(3) was inapplicable to Teigeler "because she is not a spouse acquired after retirement." *Id.* at 327. Thus, Dilworth argues that *Teigeler* stands for the proposition that the remarriage restriction of paragraph (3) applies only to the annuity of a spouse acquired after retirement. While this court affirmed the Board's *Teigeler* decision, we did so on another ground and declined to rule on the relevance of paragraph (3) to a surviving spouse who was not "acquired after retirement." *Teigeler*, 898 F.2d at 1575 (stating that the government did not contest the inapplicability of paragraph (3) on appeal nor did it contest the reasoning of the Board on that issue). In deciding that case, it was sufficient to note that Teigeler's entitlement was pursuant to statutory authority other than subsection (b). Because the issue has been raised here, we now explicitly consider the matter and hold that the Board's reasoning in *Teigeler* on this point was incorrect. By its own terms, the remarriage restriction of paragraph (3) applies to subsection (b) in its entirety, to spouses acquired after retirement and to spouses like Dilworth acquired before retirement.

## CONCLUSION

The Board did not err in determining that Dilworth's survivor annuity under 5 U.S.C. § 8341(b)(1) was properly terminated by virtue of her remarriage before the age of fifty-five. Paragraph (3) of subsection (b) provides that an annuity under that subsection must terminate on the last day of the month before the widow or widower remarries be-

fore becoming fifty-five years of age. Accordingly, the decision of the Board is

*AFFIRMED.*